# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **BRIAN SALTZMAN** | **CIVIL ACTION NO. 2:10-cv-1266** |
| **LA. DOC #482656** | **SECTION P** |
| **VS.** | **JUDGE MINALDI** |
| **STEVE RADER, WARDEN** | **MAGISTRATE JUDGE KAY** |

# REPORT AND RECOMMENDATION

On July 9, 2010, *pro se* petitioner Brian Saltzman filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Dixon Correctional Institute, Jackson, Louisiana.

Petitioner attacks the 25 year hard labor sentence imposed by Louisiana's Fourteenth Judicial District Court, Calcasieu Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

## *Background*

The relevant facts and chronology of this case were set forth in an unpublished opinion of Louisiana's Third Circuit Court of Appeals, dated June 3, 2009:

> B.S. pled guilty on May 17, 2004, to forcible rape, a violation of La. R.S. 14:42.1 [fn., Defendant's initials are used in accordance with LA. REV. STAT. § 46:1844(W)]. He was sentenced to twenty-five years at hard labor; *at least* two

years of the sentence was ordered to be served without benefit of probation, parole, or suspension of sentence. On July 6, 2006, Defendant filed a "Motion to Correct an Illegal/Indeterminate Sentence," asserting that his sentence was indeterminate because the trial court failed to designate which portion of his sentence was to be served without parole. The trial court denied the motion. Defendant sought review of that ruling, and this court held that his sentence was indeterminate because it did not specify what portion of the sentence had to be served without benefit of parole, as required by La.R.S. 14:42.1(B) and La.Code Crim.P. art. 879. *See State v. [B.S.]*, an unpublished writ opinion bearing docket number 06-1532 (La. App. 3 Cir. 2/9/07). Defendant's sentence was vacated, and the matter was remanded to the trial court for imposition of a determinate sentence. *Id.*

On May 25, 2007, a resentencing hearing was held; Defendant was not represented by counsel at the hearing. The trial court resentenced Defendant to twenty-five years at hard labor; two years of the sentence were ordered to be served without benefit of probation, parole, or suspension of sentence. Defendant subsequently filed a writ application, seeking review of his resentencing on September 19, 2007. In an unpublished opinion, Defendant's writ application was converted to an appeal. *See State v. [B.S.]*, an unpublished writ opinion bearing docket number 07-1156 (La. App. 3 Cir. 10/24/07). On appeal, Defendant asserted that the trial court erred in resentencing him in the absence of counsel without obtaining a valid waiver of his right to assistance of counsel. On April 30, 2008, this court found that the Defendant was sentenced without the assistance of counsel and without waiving his right to counsel. His sentence was vacated, and the matter was remanded for resentencing. *Id.*

On July 30, 2008, Defendant, who was represented by counsel, was resentenced to twenty-five years at hard labor; two years of the sentence were ordered to be served without benefit of probation, parole, or suspension of sentence. He was also given credit for time served. At that time, Defendant made a verbal motion to reconsider his sentence, which was denied. Defendant is now before this court on appeal; he asserts that the trial court erred by denying him an opportunity to present evidence at his second resentencing hearing.

*State v. B.S.*, No. 08-1468, 2009 WL 1545826, *1 (La. App. Ct. 2009).

In denying relief and affirming the conviction and sentence, the Third Circuit noted,

Considering the specific facts of the instant case in light of jurisprudence discussed herein, we find that Defendant was not denied his constitutional right to due process of law and fundamental fairness. He does not claim, nor does he show, that he was induced to forego an evidentiary hearing before he was first sentenced. Instead, he received the recommended sentence upon which his plea bargain was based. He does not allege or show that he was sentenced in an

arbitrary fashion, and as a result, received a harsh sentence. Additionally, Defendant's sentence was significantly less than the maximum possible sentence. This alleged error is without merit.

*Id.* at *5 (footnote omitted).

Petitioner sought review of the above judgment in the Louisiana Supreme Court and thereafter filed the instant petition for writ of *habeas corpus*, alleging as his sole ground for relief that the Louisiana court denied him due process when it rejected his attempts to adduce evidence and argument in mitigation at the third sentencing.

### Law and Analysis

#### 1. Rule 4 Considerations

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for the summary dismissal of *habeas corpus* petitions when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." In explaining this particular provision of Rule 4, the Advisory Committee Notes observe that, "under §2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Here, it is manifestly clear that petitioner is not entitled to *habeas corpus* relief and therefore his petition should be dismissed with prejudice.

#### 2. Custody in Violation of the Constitution of the United States

Petitioner seek relief pursuant to 28 U.S.C. §2254. Subsection (a) of the statute provides that *habeas corpus* relief is available to "a person in custody pursuant to the judgment of a State court <u>only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States</u>." (Emphasis supplied).

Petitioner argues that he was denied the opportunity to present evidence or argument in

mitigation at his third sentencing. He has raised this claim in three courts – the Louisiana Third Circuit Court of Appeals, the Louisiana Supreme Court, and now, this Court. However, other than fleeting references to "due process" and "fundamental fairness" as guaranteed by "the Sixth and Fourteenth Amendments," petitioner has never alleged that the complained of sentencing procedure violated the Constitution, laws, or treaties of the United States. To the contrary, a careful reading of his appellate briefs, his Supreme Court writ application, and his federal *habeas* petition establish that petitioner has at no time presented cogent argument to establish that he is in custody in violation of the Constitution of the United States.

### a.    *Appeal to the Third Circuit*

Petitioner was represented by court-appointed appellate counsel on the appeal. The original brief on appeal alleged a single Assignment of Error, "The trial court erred by denying B.S. an opportunity to present any evidence at the resentencing hearing." Counsel framed the issues as follows:

> 1)    <u>A defendant has a constitutional right to due process of law. This is guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution, and LSA-Const. Art. 1, §2 and §16.</u>  Did the trial court's denial of appellant's request to present both testimonial evidence and documentary evidence at the re-sentencing proceeding violate appellant's constitutional right to due process of law?

> 2)    <u>Article 1, §2 of the Louisiana Constitution guarantees a defendant the opportunity to present favorable information and to rebut or deny prejudicial information which the sentencing judge is considering in arriving at an appropriate sentence.</u>  Was B.S. improperly denied the opportunity to present favorable information at the re-sentencing hearing?

Doc. 1, p. 26 (emphasis added). Thereafter counsel argued,

> Sentencing is a critical state of prosecution such that a defendant should have every right to receive notice, competent representation and a fair hearing. Here, with a mockery of a hearing, the court summarily disregarded B.S.'s rights and decided to impose its sentence. The court was obviously annoyed that its two

previous sentences were reversed because they could not pass constitutional muster. <u>However, this frustration should not have resulted in the denial of another constitutional right – the right to due process of law and fundamental fairness. By depriving appellant of a sentencing hearing and the opportunity to present evidence on his behalf, the court denied B.S. the access to the court which he is guaranteed</u>. *See generally State v. Coleman*, 574 So.2d 477 (La. App. 2 Cir. 1991).

*Id.* at p. 32 (emphasis added).

Then, citing *State v. Telsee*, 388 So.2d 747 (La. 1980), counsel argued that the petitioner "should have been given an opportunity to present any information he deemed relevant to the proceedings before sentence was imposed and it was too late to do so. <u>Exactly what the [Louisiana] supreme court hoped to avoid occurred in this case.</u>" *Id.* (emphasis added).

In a reply brief filed in response to the State's brief on appeal (in which the state argued that petitioner's original brief on appeal was formally deficient because it failed to cite legal authority), counsel argued that, contrary to the state's argument, the "<u>Sixth and Fourteenth Amendments to the United States Constitution and Art. 1, §2 and §16 of the Louisiana Constitution</u>" were "<u>cited as authority</u>." *Id.* at p. 45 (emphasis added).

> **b.** **Writ Application – Louisiana Supreme Court**

When the Third Circuit affirmed the sentencing, petitioner thereafter proceeded *pro se* in his effort to obtain further direct review from the Louisiana Supreme Court. His *pro se* writ application, signed on July 10, 2009, argued that "<u>his sentence rest [sic] in violation of Louisiana and United States Constitutions</u>, and seeks relief supported by the claims alleged herein." *Id.* at p. 22 (Emphasis supplied). Petitioner also referred the Court to his original appeal brief for additional argument. *Id*.

> **c.** **The Habeas Corpus Petition**

Petitioner filed the instant *pro se* petition and supporting brief on July 9, 2010. He

argued as his sole ground for relief that the "District Court failed to allow defendant to present evidence at the resentencing hearing." *Id.* at p. 3. In his supporting brief petitioner argued:

> The state affirmed the sentence imposed at the resentencing in this case stating three reasons for doing so. First, the argument raised by the petitioner lacked citations to the appellate record. . . .

> . . . [T]o deny consideration of the issue due to counsel's failure to provide the record citations in the argument section of the brief would be hyper-technical and not in the spirit of the Uniform Rules of the Courts, Rule 2-12.4. . . .

> The second basis submitted by the State for dismissal of the case is that the argument lacks jurisprudential references. . . . Petitioner cited *State v. Telsee*, 388 So.2d 751 (La. 1980) – whether a defendant is entitled to present evidence prior to sentencing. This is the issue before the Court . . . .[1]

> The third and final assertion by the state . . . is because B.S. never asked to present evidence at the resentencing hearing and is thus barred from raising the issue for the first time on appeal. Contrary to this assertion, petitioner was denied the right to present evidence as noted by the objections by the trial court. . . .

> <u>Petitioner submits that based upon the evidence that he has shown that his sentence rest in violation of the Louisiana and Untied States Constitutions and seeks relief supported by the claims alleged herein.</u>

*Id.* at p. 13-14 (emphasis added).

As evidenced by the excerpts quoted above, other than petitioner's fleeting references to "due process," "fundamental fairness," and his fleeting citation to the Sixth and Fourteenth Amendments, petitioner has failed to argue, much less demonstrate, that he is in custody in violation of the Constitution or laws of the United States. Indeed, it appears that petitioner has,

---

[1] Petitioner suggested that the Third Circuit denied relief on these grounds; however, these grounds while argued in the state's brie, were rejected by the Third Circuit. Uniform Rules-Courts of Appeal, Rule 2-12.4 provides that the appellant's brief must "include a suitable reference by volume and page to the place in the record which contains the basis for the alleged error," and that the court may disregard argument on that error when suitable reference is not made to the error in the record. In his brief, Defendant refers to the specific transcript in the record but not the specific page numbers. He points out in his reply brief that the entire transcript is only eleven pages long, and he identifies the four pages of the transcript which involve the alleged error. The absence of cites to the record does not place a burden on this court, nor does it lead to confusion, as referenced in Rule 2-12.4; therefore, we address Defendant's "argument."

throughout the appeal process, and, in his petition before this Court, argued only that his custody violates the Louisiana Constitution and that state's jurisprudence. Federal *habeas corpus* courts "do not review state courts' application of state evidence law." *Jones v. Cain*, 600 F.3d 527, 536 (5th Cir. 2010) (citing *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998); *Mercado v. Massey*, 536 F.2d 107, 108 (5th Cir. 1976)); *see also Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998) ("In *habeas* actions, this court does not sit to review the mere admissibility of evidence under state law.").

A federal *habeas corpus* court will not grant relief from errors in a state trial court's evidentiary rulings, if any, unless those errors resulted in a "denial of fundamental fairness" under the Fourteenth Amendment Due Process Clause. *Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998) (citing *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983)). Petitioner is therefore not entitled to *habeas corpus* relief.

### 3. *Error of Constitutional Magnitude*

Even if petitioner had identified a violation of federal law with respect to the denial of his right to present evidence and argument in mitigation of sentence, his federal petition would still be subject to dismissal. Federal *habeas corpus* review encompasses errors of constitutional magnitude. Thus, when a federal court considers whether to grant *habeas corpus* relief, the decision is limited to deciding whether the conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254, 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam). The failure of a state court to afford the defendant an opportunity for allocution – that is, the right to offer evidence or argument in mitigation prior to sentencing in a non-capital case – is not an error of constitutional magnitude that can be raised by collateral attack. *Cf. Hill v. United States*, 368 U.S. 424, 425-26 (1962).

In other words, even if it is assumed that petitioner properly raised and argued a violation of the Constitution, the error complained of was not of such magnitude as to permit *habeas corpus* relief.

### 4. *Due Process and Fundamental Fairness*

Petitioner has only and always argued that the trial court's refusal to hear evidence and argument at the third sentencing violated his right to due process and therefore rendered the imposition of that sentence fundamentally unfair.

Federal courts may grant federal *habeas* relief if an evidentiary error in a state trial "is of such magnitude as to constitute a denial of fundamental fairness under the due process clause." *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983), *reh'g denied*, 724 F.2d 127, *cert. denied*, 469 U.S. 873, *reh'g denied*, 469 U.S. 1067 (1984); *see also Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). Erroneous exclusion of evidence is fundamentally unfair if the evidence was material in the sense that it was crucial, critical, and highly significant. *Skillern*, 720 F.2d at 852. Put another way, the *habeas* court's role "is limited to determining whether [the] error [was] so extreme that it constituted denial of fundamental fairness" under the due process clause. *Lucas v. Johnson*, 132 F.3d 1069, 1079 (5th Cir. 1998) (citing *Andrade v. McCotter*, 805 F.2d 1190, 1193 (5th Cir. 1986)). "*Habeas* relief is warranted only when the erroneous admission played a 'crucial, critical [and] highly significant' role in the trial." *Id*; *see also Banks v. McGougan*, 717 F.2d 186, 190 (5th Cir. 1983) ("A federal *habeas* court may consider the propriety of state court evidentiary rulings only if there has been a constitutional infraction that renders the entire trial fundamentally unfair . . . ."); *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983), *cert. denied*, 466 U.S. 984 (1984) (Fifth Circuit will not grant *habeas* relief for errors in trial court's evidentiary rulings unless those errors result in "denial of fundamental fairness"

under the Due Process Clause).

Here, petitioner has not shown, nor can he show, that the trial court's refusal to hear evidence prior to the third sentencing rendered the result unfair. As noted elsewhere, petitioner's original plea agreement included a joint recommendation for a 25 year sentence and, when time came for sentencing, the state presented the recommendation to the court as per the agreement. The agreed-to 25 year sentence was imposed on three separate occasions, and, as noted by the Third Circuit,

> . . . Defendant was not sentenced in an arbitrary fashion, nor did he receive a near-maximum sentence. In fact, the record reflects that Defendant was originally sentenced and resentenced to the exact amount of time he bargained to receive, as evidenced by his plea agreement. He pled guilty to the lesser-included offense of forcible rape, significantly reducing his sentencing exposure, for the State's agreement to recommend a twenty-five-year sentence. In choosing to impose the recommended sentence, the trial court had no reason to take evidence at the Defendant's original sentencing or his resentencing.

> Lastly, at Defendant's second resentencing when he attempted to submit evidence, Defendant did not claim that such evidence served to rebut false or invalid data of a substantial nature which contributed to the harshness of his sentence, and he does not now claim that his sentence was unduly harsh. Considering the distinct differences between the facts of *Telsee* and the instant case, the purpose of *Telsee* in protecting a defendant from being singled out for sentencing in an arbitrary fashion is not applicable to the instant case.

> \*     \*     \*

> Considering the specific facts of the instant case in light of jurisprudence discussed herein, we find that Defendant was not denied his constitutional right to due process of law and fundamental fairness. He does not claim, nor does he show, that he was induced to forego an evidentiary hearing before he was first sentenced. Instead, he received the recommended sentence upon which his plea bargain was based. He does not allege or show that he was sentenced in an arbitrary fashion, and as a result, received a harsh sentence. Additionally, Defendant's sentence was significantly less than the maximum possible sentence.

*State v. B.S.*, 2009 WL 1545826, at \*4-5.

In short, petitioner has not shown that he was denied due process. Nor has he shown that

the sentence imposed was unfair or that it exceeded the sentence he agreed to when he initially pled guilty. Finally, and more to the point, he has not shown that the result of the third sentencing would have been any different had he been permitted to offer evidence and argument in mitigation. As a matter of fact, petitioner has never proffered the excluded evidence or argument either in the trial court, the Third Circuit, the Louisiana Supreme Court, or even to this Court. It is inconceivable that petitioner could have made any cogent argument or produced any relevant or material evidence which would have persuaded the sentencing court to amend or reduce the agreed to sentence which was imposed on three separate occasions.

Petitioner is clearly not entitled to *habeas corpus* relief and dismissal of his petition pursuant to Rule 4 is appropriate.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[2] A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

---

[2] In the event that petitioner objects, he should provide copies of the three complained of sentencing transcripts. He should also present the evidence he would have presented to the court at the third sentencing and he should provide argument to support the notion that the reception of that evidence would have resulted in the imposition of a lesser sentence or otherwise benefitted the petitioner.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing**.

THUS DONE this 27th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE